**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| **MARK A. CARROLL, II, #B-86369,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **vs.** ) | **CASE NO. 11-cv-633-JPG** |
| ) | |
| **MIKE KERRKEE, DENNIS** ) | |
| **MIDDENDORF, CLINTON COUNTY** ) | |
| **JAIL, and CLINTON COUNTY** ) | |
| **STATE'S ATTORNEY'S OFFICE,** ) | |
| ) | |
| **Defendants.** ) | |

**<u>MEMORANDUM AND ORDER</u>**

**GILBERT, District Judge:**

Plaintiff Mark Carroll, an inmate at Graham Correctional Center, brings this action for

deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983, based on incidents that

occurred while Plaintiff was a pre-trial detainee at Clinton County Jail ("Clinton"). Plaintiff is

serving a four year sentence for forgery. This case is now before the Court for a preliminary

review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as
> soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks
> redress from a governmental entity or officer or employee of a governmental entity.

> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable
> claims or dismiss the complaint, or any portion of the complaint, if the complaint–
>> (1) is frivolous, malicious, or fails to state a claim on which relief
>> may be granted; or
>> (2) seeks monetary relief from a defendant who is immune from
>> such relief.

28 U.S.C. § 1915A.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact."

*Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Although the Court is obligated to accept factual allegations as true, *see Smith v. Peters*, 631 F.3d 418, 419 (7th Cir. 2011), some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim.  *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009).  Additionally, Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id.*  At the same time, however, the factual allegations of a pro se complaint are to be liberally construed.  *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

Upon careful review of the complaint and supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A; this action is subject to summary dismissal.

**<u>The Complaint</u>**

Plaintiff's complaint names Sheriff Mike Kerrkee (Clinton County), Circuit Judge Dennis Middendorff, Clinton County Jail, and the Clinton County State's Attorney's Office, who Plaintiff claims each violated his constitutional rights.

On October 28, 2010, Plaintiff was detained at Clinton, where an unnamed guard conducted a routine medical screening.  Plaintiff informed this individual that he had bipolar disorder, paranoid schizophrenia, attention deficit hyperactivity disorder, and generalized anxiety disorder, and needed to see a psychologist or psychiatrist about his medication.  Plaintiff also

requested to see a doctor about a rash.  Plaintiff claims that he was not granted any access to

mental health treatment while at Clinton.

Plaintiff also takes issue with his preliminary hearing, presumably in the Clinton County

Circuit Court presided over by Defendant Judge Middendorff.  Plaintiff claims that there was no

evidence to support the charges brought against him.  Furthermore, Plaintiff asserts that the

preliminary hearing included testimony from his arresting officer, who recounted that Plaintiff's

girlfriend said he "had nothing to do with this" (Doc. 1, p. 5).

Plaintiff requests compensatory and punitive damages for pain and suffering and mental

anguish.

## Discussion

Based on the allegations of the complaint, the Court finds it convenient to divide the pro

se action into two (2) counts.  The parties and the Court will use these designations in all future

pleadings and orders, unless otherwise directed by a judicial officer of this Court.  The

designation of these counts does not constitute an opinion as to their merit.

## Count 1 - Deliberate Indifference to a Medical Need

Plaintiff claims that he received no treatment for his mental disorders while detained at

Clinton.  His statement that he "needed to see a psychologist or psychiatrist about my

medications" implies that Plaintiff may not have had medications available to him while he was

detained.  However, the complaint is not clear on this point.

Although pre-trial detainees are not covered by the Eighth Amendment, their claims for

deliberate indifference to medical care are considered under the due process clause of the

Fourteenth Amendment, and are entitled to the same sort of protection against deliberate

indifference as convicted inmates, no less.  *See Williams v. Romana,* 411 F. App'x 900, 901 n.1

(7th Cir. 2011); *Miller v. Hertz*, 420 F. App'x 629, 634 (7th Cir. 2011).

> Prison officials have a duty, in light of the Eighth Amendment's prohibition
> against cruel and unusual punishment, to "ensure that inmates receive adequate
> food, clothing, shelter, and medical care." *Farmer v. Brennan*, 511 U.S. 825, 832,
> 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994).  To determine whether an inmate's
> Eighth Amendment rights were violated by a deprivation, we examine the alleged
> violation both objectively and subjectively.  *See id.* at 834, 114 S.Ct. 1970.  "First,
> the deprivation alleged must be, objectively, sufficiently serious." *Id.* (quotation
> omitted). Second, the mental state of the prison official must have been "one of
> deliberate indifference to inmate health or safety." *Id.* (quotation omitted).

*Sanville v. McCaughtry*, 266 F.3d 724, 733 (7th Cir. 2001).  The Seventh Circuit has found that

"the need for a mental illness to be treated could certainly be considered a serious medical need."

*Id.* at 734; *Wellman v. Faulkner*, 715 F.2d 269 (7th Cir. 1983).  *See also Gibson v. County of*

*Washoe, Nev*., 290 F.3d 1175 (9th Cir. 2002); *Waldrop v. Evans*, 871 F.2d 1030, 1035 (11th Cir.

1989) (a doctor's decisions to remove patient from medication and to restore the medication

without Lithium constitutes deliberate indifference to patient's psychiatric condition).

Plaintiff names Defendant Kerrkee (Clinton County Sheriff) and Clinton County Jail as

defendants in this claim.  In order to obtain relief against a municipality, a plaintiff must allege

that the constitutional deprivations were the result of an official policy, custom, or practice of the

municipality.  *Monell v. Dept. of Soc. Servs.,* 436 U.S. 658, 691 (1978); *see also Pourghoraishi*

*v. Flying J, Inc.,* 449 F.3d 751, 765 (7th Cir. 2006).  Furthermore, with regards to Defendant

Kerkee, "the doctrine of *respondeat superior* does not apply to § 1983 actions; thus to be held

individually liable, a defendant must be 'personally responsible for the deprivation of a

constitutional right.'"  *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir 2001) (quoting

*Chavez v. Ill. State Police*, 251 F.3d 612, 651 (7th Cir. 2001)).  *See also Monell v. Dep't of Soc.*

*Servs.*, 436 U.S. 658 (1978); *Eades v. Thompson*, 823 F.2d 1055, 1063 (7th Cir. 1987);

*Wolf-Lillie v. Sonquist*, 699 F.2d 864, 869 (7th Cir. 1983); *Duncan v. Duckworth*, 644 F.2d 653,

655-56 (7th Cir. 1981).

Plaintiff does not allege that a custom, practice, or policy exists within the Clinton

County Jail that prevented him from receiving mental health treatment.  Nor does he claim that

Defendant Kerrkee had any personal involvement in the alleged denial of treatment.  Rather,

Plaintiff's complaint suggests that one or more of the individual guards at Clinton may have been

the parties frustrating his ability to see a mental health professional.  As Plaintiff has chosen not

to include these unnamed prison guards in this action (in the caption or complaint), he has failed

to state a claim for deliberate indifference, and thus, this claim is subject to dismissal.

However, Plaintiff shall be granted leave to amend his complaint to name the individual

guard(s) who allegedly denied him access to mental health care and/or medication, if Plaintiff

wishes to proceed with this action.

**Count 2 - Due Process**

Plaintiff takes issue with the alleged lack of evidence presented against him at a

preliminary hearing in Clinton County in front of Defendant Middendorff.

> [I]n order to recover damages for allegedly unconstitutional conviction or
> imprisonment, or for other harm caused by actions whose unlawfulness would
> render a conviction or sentence invalid, a § 1983 plaintiff must prove that the
> conviction or sentence has been reversed on direct appeal, expunged by executive
> order, declared invalid by a state tribunal authorized to make such determination,
> or called into question by a federal court's issuance of a writ of habeas corpus, 28
> U.S.C. § 2254.  A claim for damages bearing that relationship to a conviction or
> sentence that has *not* been so invalidated is not cognizable under § 1983.  Thus,
> when a state prisoner seeks damages in a § 1983 suit, the district court must
> consider whether a judgment in favor of the plaintiff would necessarily imply the
> invalidity of his conviction or sentence; if it would, the complaint must be
> dismissed unless the plaintiff can demonstrate that the conviction or sentence has

> already been invalidated.  But if the district court determines that the plaintiff's
> action, even if successful, will *not* demonstrate the invalidity of any outstanding
> criminal judgment against the plaintiff, the action should be allowed to proceed, in
> the absence of some other bar to the suit.

*Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) (emphasis in original).  "We do not engraft an

exhaustion requirement upon § 1983, but rather deny the existence of a cause of action.  Even a

prisoner who has fully exhausted available state remedies has no cause of action under § 1983

unless and until the conviction or sentence is reversed, expunged, invalidated, or impugned by

the grant of a writ of habeas corpus."  *Id.* at 489.  Plaintiff may challenge his conviction in a

habeas corpus action pursuant to 28 U.S.C. § 2254, but only after he has presented all of his

claims to the Illinois courts.  Ordinarily, this will involve raising every issue at trial or in a post-

conviction motion, and appealing any adverse decisions to the Illinois Appellate Court and the

Illinois Supreme Court.  Therefore, this claim shall be dismissed without prejudice.

　　　　Furthermore, Plaintiff's claims against Defendant Middendorff shall not be allowed to

proceed simply because judges, being sued solely for judicial acts, are protected by absolute

judicial immunity.  *Mireles v. Waco,* 502 U.S. 9, 11-12 (1991); *Forrester v. White,* 484 U.S. 219,

225-29 (1988); *Bradley v. Fisher*, 80 U.S. (13 Wall.) 335, 347, 20 L.Ed. 646 (1872); *Richman v.*

*Sheahan*, 270 F.3d 430, 434 (7th Cir. 2001); *Scruggs v. Moellering,* 870 F.2d 376, 377 (7th Cir.),

*cert. denied,* 493 U.S. 956 (1989).  Similarly, prosecuting attorneys have absolute immunity from

civil suit when acting within the scope of their duties to pursue a prosecution.  *See Imbler v.*

*Pachtman*, 424 U.S. 409 (1976).  Thus, regardless of the specific allegations against Defendants

Middendorff and Clinton County State's Attorney's Office, both Defendants have absolute

immunity and shall be dismissed with prejudice.

**Disposition**

      **IT IS HEREBY ORDERED** that Plaintiff's complaint fails to state a claim upon which relief may be granted.  **COUNT 2** is **DISMISSED** without prejudice to Plaintiff bringing his claims in a properly filed habeas corpus action, ***following the exhaustion of all state court remedies***.  **DEFENDANTS KERRKEE** and **CLINTON COUNTY JAIL** are dismissed from this action without prejudice.  **DEFENDANTS MIDDENDORFF** and **CLINTON COUNTY STATE'S ATTORNEY'S OFFICE** are dismissed from this action with prejudice.

      **IT IS FURTHER ORDERED** that, should Plaintiff wish to proceed on his claim in **COUNT 1**, Plaintiff shall file his First Amended Complaint, naming the individual Defendants directly responsible for the alleged deprivations in Count 1, within 35 days of the entry of this order (on or before August 14, 2012).

      Plaintiff is **ADVISED** that the First Amended Complaint shall contain ONLY the claims designated in this Order as Count 1, and shall name ONLY those Defendants directly and personally responsible for the allegedly unconstitutional acts (the individual guard(s) who allegedly denied him access to mental health care and/or medication).  Should the First Amended Complaint not conform to these requirements, it shall be stricken and the entire case may be dismissed.  Failure to file an amended complaint may result in dismissal of this case pursuant to Federal Rule of Civil Procedure 41(b).

      An amended complaint supersedes and replaces the original complaint, rendering the original complaint void.  *See Flannery v. Recording Indus. Ass'n of Am.,* 354 F.3d 632, 638 n.1 (7th Cir. 2004).  The Court will not accept piecemeal amendments to the original complaint.

Thus, the First Amended Complaint must stand on its own, and Plaintiff must re-file any exhibits he wishes the Court to consider along with the First Amended Complaint.

Plaintiff is **ADVISED** that it is Plaintiff's responsibility to provide the Court with the names and service addresses for any Defendants named in his First Amended Complaint. Service shall not be made on any Unknown (John Doe) Defendants until such time as Plaintiff has identified them by name in a properly filed amended complaint.

Plaintiff is **ADVISED** that the case shall not proceed unless the First Amended Complaint survives threshold review pursuant to 28 U.S.C. § 1915A.

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED:  July 10, 2012**

_____*s/J. Phil Gilbert*_____
**United States District Judge**