IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| MARK A. CARROLL, II, #B-86369, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CASE NO. 11-cv-633-JPG |
| | ) | |
| MARK HANSON, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

**GILBERT, District Judge:**

This matter comes before the Court for review of Plaintiff's First Amended Complaint, brought under 42 U.S.C. § 1983 and alleging deprivation of his constitutional rights (Doc. 11). In the amended complaint, Plaintiff alleges that Defendant Hanson, along with other correctional officers at the Clinton County Jail, failed to respond to Plaintiff's requests to be provided with his prescribed medication for several serious mental health conditions, and failed to give him access to any mental health professional, for the three months following October 23, 2010.  By filing this amended complaint, Plaintiff has complied with this Court's order of July 11, 2012 (Doc. 8).  Pursuant to 28 U.S.C. § 1915A, Plaintiff's amended complaint merits further consideration.

**Pending Motions**

Plaintiff also filed a motion for enlargement of time (Doc. 10), requesting the Court to allow him additional time (to April 14, 2013) within which to file an amended complaint.  The reason for this request is to allow Plaintiff to conduct an investigation as to the identity of the

other guards who denied him access to medication and mental health care during his detention in the Clinton County Jail.  Where a prisoner's complaint states specific allegations describing conduct of individual jail staff members sufficient to raise a constitutional claim, but the names of those defendants are not known, the prisoner should have the opportunity to engage in discovery to ascertain the identity of those defendants.  *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 832 (7th Cir. 2009).  Because Plaintiff will have the opportunity to conduct discovery and amend his complaint while this matter is under consideration by the United States Magistrate Judge, this motion (Doc. 10) is **DENIED** without prejudice.

Plaintiff also filed a  motion for service of process at government expense (Doc. 9).  It is not necessary for a litigant such as Plaintiff, who is proceeding *in forma pauperis*, to file a motion requesting service at the government's expense.  Because the first amended complaint shall proceed for further consideration, service will be directed below, and the motion (Doc. 9) is **DENIED AS MOOT**.

Disposition

IT IS HEREBY ORDERED that the Clerk of Court shall prepare for Defendant **HANSON**:  (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons).  The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to Defendant's place of employment as identified by Plaintiff.  If Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on Defendant, and the Court will require Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil

Procedure.

**IT IS FURTHER ORDERED** that, if the Defendant cannot be found at the address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file, nor disclosed by the Clerk.

**IT IS FURTHER ORDERED** that Plaintiff shall serve upon Defendant (or upon defense counsel once an appearance is entered), a copy of every further pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of any document was served on Defendant or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendant is **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to **United States Magistrate Judge Philip M. Frazier** for further pre-trial proceedings.

Further, this entire matter is hereby **REFERRED** to **United States Magistrate Judge Frazier** for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

**IT IS FURTHER ORDERED** that if judgment is rendered against Plaintiff, and the

judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff. Local Rule 3.1(c)(1).

Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

DATED: **August 9, 2012**

       *s/J. Phil Gilbert*
       **United States District Judge**